IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACE USA, et al., ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 09-2194-KHV-DJW |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, INC., ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Union Pacific Railroad Company's First Motion to Compel Discovery (ECF No. 43). Defendant asks the Court to overrule Plaintiffs' objections to Defendant's First Request for Production of Documents Nos. 21 through 26 and to compel Plaintiffs to produce complete copies of all responsive documents. For the reasons set forth below, the Motion is taken under advisement pending a hearing on the Motion.

**I.   BACKGROUND**

This is a subrogation action brought by Plaintiffs ACE USA and ACE European Group Limited (collectively, "Plaintiffs"), as subrogees of AG Soda Corporation, Inc. ("AG Soda"). As set forth in their Amended Complaint, Plaintiffs seek monetary damages stemming from a rail car accident which occurred while Defendant was transporting AG Soda goods. Plaintiffs claim the accident occurred in Kansas, and damaged AG Soda's goods while they were in the possession of Defendant. Plaintiffs further claim that Defendant is strictly liable to Plaintiffs for the damages incurred under the Carmack Amendment, which governs the liability of rail carriers for damage to goods in transit.

## II. DOCUMENT REQUESTS

Defendant asks the Court to overrule Plaintiffs' objections to Document Request Nos. 21 through 26 and to compel Plaintiffs to fully respond to these requests. The requests are as follows:

21. Produce all communications with Pete Chepul related to the soda ash train that is the subject of this lawsuit.
22. Produce any and all communications with Adrienne Benzoni related to the soda ash train that is the subject of this lawsuit.
23. Produce any and all communications with Ron Miller related to the soda ash train that is the subject of this lawsuit.
24. Produce any and all communications with Grady Winslow related to the soda ash train that is the subject of this lawsuit.
25. Produce any and all communications with James Ratcliffe related to the soda ash train that is the subject of this lawsuit.
26. Produce any and all internal ACE USA and ACE European Group Limited communications related to the soda ash train that is the subject of this lawsuit.[1]

Before considering the parties' respective arguments concerning these document requests, the Court must first call the parties' attention to Rule 26(g), which all parties appear to have violated.

### A. Rule 26(g)

Rule 26(g) provides, "[E]very discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name."[2] This signature operates as a certification by the attorney "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the discovery request, response or objection is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the

---

[1] Pls.' Resp. to Def.'s First Request for Prod. of Docs., attached as Ex. B to Mem. in Supp. of Def. Union Pacific Railroad Company's First Mot. to Compel Disc. (ECF No. 44).

[2] Fed. R. Civ. P. 26(g).

action."[3] If an attorney's certification violates Rule 26(g) "without substantial justification," then "the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[4]

Rule 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37."[5] Rule 26(g) "is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions."[6] The rule "provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection."[7] The certification duty of Rule 26(g) requires an attorney to pause and consider the reasonableness of the request, response or objection.[8] If an attorney fails to meet the standards set forth in Rule 26(g), then Rule 26(g) mandates that sanctions be imposed and the nature of those sanctions "is a matter of judicial discretion to be exercised in light of the particular circumstances."[9]

Having reviewed Defendant's Document Request Nos. 21 through 26, it appears to the Court that Defendant's counsel did not pause and consider the reasonableness of these document requests.

---

[3] *Id.*

[4] *Id.*

[5] Fed. R. Civ. P. 26 advisory comm. nn. (1983).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

Document Request Nos. 21 through 25 ask Plaintiffs to provide all communications with certain individuals related to the soda ash train that is the subject of this lawsuit. For example, Document Request No. 21 states, "Produce all communications with Pete Chepul related to the soda ash train that is the subject of this lawsuit." Document Request No. 26 differs slightly in that it seeks all Plaintiffs' internal communications related to the soda ash train that is the subject of this lawsuit.

Rule 26(g) requires Defendant's counsel make a reasonable inquiry into the factual basis of the document request. It is clear from Defendant's Motion that a considerable amount of facts are known to Defendant's counsel, which should have been used to help shape and focus these discovery requests. For example, Defendant argues that the document requests seek relevant information because they seek information concerning (1) the evaluation of Plaintiffs' claims; (2) whether the claims are covered under one or more of the insurance policies; (3) the handling of the claims arising from the soda ash shipment that is the subject of this lawsuit; (4) the reasonableness of the amounts Plaintiffs paid; and (5) whether the claimed damages have factual support.[10] Instead of using these and other known facts to reasonably focus the document requests to obtain such information, Defendant's counsel cast a rather broad net and asked for any communications concerning the "soda ash train." While some of the communications concerning the "soda ash train" may certainly be relevant, the Court is hard-pressed to conclude that a request seeking all communications concerning the soda ash train is reasonable in light of the facts known to Defendant. Thus, Defendant's counsel appears to be in violation of Rule 26(g).

---

[10] In pointing to this information, the Court is not making any finding as to whether such information is, in fact, relevant to the claims and defenses in this case.

However, the Court's analysis does not stop here. Although it appears that Defendant's counsel did not pause and consider the reasonableness of the document requests, it also appears that Plaintiffs' counsel failed to stop and think about the legitimacy of the responses and objections to the document requests. Plaintiffs asserted numerous general objections, all of which are meaningless and waste the Court's time. This Court has explained its view of general objections on several occasions. The Court disapproves of general objections that are asserted "to the extent" that the objections apply.[11] Further, general objections are considered merely "hypothetical or contingent possibilities" when the objecting party makes "no meaningful effort to show the application of any such theoretical objection to any request for discovery."[12] Where a party has not made an attempt to show the application of the theoretical general objection, the Court will deem those general objections waived and will decline to consider them as objections at all.[13]

Plaintiffs asserted ten general objections. In seven of these general objections, Plaintiffs objected "to the extent" that the objection applied. In addition, Plaintiffs made no meaningful effort to demonstrate the application of any of the general objections to any particular document request. Rather, Plaintiffs simply incorporated by reference their general objections in each of Document Request Nos. 21 through 26. The Court can only conclude that Plaintiffs' general objections are hypothetical and meaningless. The Court therefore deems these general objections waived. In addition, insofar as Rule 26(g) is concerned, considering the number of times this Court has made it very clear that general objections such as those asserted by Plaintiffs are invalid and inappropriate,

---

[11] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006) (citations omitted).

[12] *Id.*

[13] *Id.*

it appears to the Court that Plaintiffs' counsel did not stop and consider the legitimacy of these objections. Plaintiffs' counsel therefore also appears to be in violation of Rule 26(g).

### B. Conference Requirements

Not only do all parties appear to be in violation of Rule 26(g), but the Court concludes that the parties did not adequately confer before the Motion was filed. "The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[14] Therefore, before addressing the merits of Defendant's Motion, the Court must determine whether Defendant's counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Rule 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[15] Under Rule 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[16]

In addition, D. Kan. Rule 37.2 requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the

---

[14] D. Kan. Rule 37.2.

[15] Fed. R. Civ. P. 37(a)(1).

[16] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

filing of the motion."[17]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[18]

The Court has reviewed Defendant's counsel's description of the attempts to confer with Plaintiffs' counsel before filing the Motion. It appears that Defendant's counsel spoke at length by telephone with Plaintiffs' counsel. Defendant describes no other attempts to resolve the discovery dispute. Yet Plaintiffs, in their response brief, claim that Plaintiffs' counsel agreed to reevaluate some of the issues raised in the Motion and to work with Defendant's counsel to resolve those issues. Considering the lack of communication between the parties, the Court concludes that Defendant's counsel did not make reasonable efforts to confer with Plaintiffs' counsel concerning the discovery dispute before filing the Motion.

### III. CONCLUSION

Because of the apparent Rule 26(g) violations and the clear failure of counsel to confer before the Motion was filed, the Court will convert the pretrial conference set for November 15, 2010 at 1:00 p.m. to a hearing on the Motion. Before appearing for the hearing, counsel for the parties shall attempt to confer and resolve the many issues raised in the Motion. In conferring with one another, counsel should bear in mind that Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense . . . .*"[19] The Court emphasizes "any party's claim or defense," because counsel should keep in mind that if a claim or defense is actually pled in the case, then Rule 26(b)(1) generally allows discovery of information

---

[17] D. Kan. Rule 37.2.

[18] *Id*.

[19] Fed. R. Civ. P. 26(b)(1) (emphasis added).

7

relevant to that claim or defense.  In addition, while conferring, counsel may revise the document requests, responses, and objections in an effort to avoid sanctions under Rule 26(g), which the Court is mandated to assess should it find that counsel violated Rule 26(g) without substantial justification. Counsel are further instructed to read *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008) to assist them in complying with Rule 26(g).  At the hearing, the Court will consider any remaining discovery issues and make a Rule 26(g) assessment.

**IT IS THEREFORE ORDERED** that Defendant Union Pacific Railroad Company's First Motion to Compel Discovery (ECF No. 43) is taken under advisement.

**IT IS FURTHER ORDERED** that a hearing is set on the Motion for **November 15, 2010 at 1:00 p.m.** in in Courtroom 223, Robert J. Dole U.S. Courthouse, 500 State Avenue, Kansas City, Kansas.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 8th day of November 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties