DJW/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACE USA and ACE EUROPEAN GROUP LIMITED, as Subrogee of AG SODA CORPORATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, INC., <br><br> Defendant. | CIVIL ACTION <br><br> No: 09-2194 KHV/DJW |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Union Pacific Railroad Company's ("UP") Second Motion to Compel Discovery (ECF No. 91). Defendant moves, pursuant to Federal Rule of Civil Procedure 37(a), to compel Plaintiffs ACE USA and ACE European Group Limited (collectively, "ACE" or "Plaintiffs"), as subrogees of AG Soda Corporation, Inc. ("AG Soda"), to produce complete unredacted versions of certain documents that ACE has withheld under claims of attorney-client privilege or the work product doctrine. Defendant contends that the privilege logs provided by ACE contain insufficient information to sustain the burden of establishing that the documents have been properly withheld as either attorney-client privileged or protected attorney work product.

**I.     Discovery Subject to the Motion to Compel**

In Defendant's opening brief, it is requested the Court overrule *all* of Plaintiffs' claims of privilege and order Plaintiffs to produce complete copies of all responsive documents, specifically

referring to documents listed on ACE's privileged logs.[1] Yet, throughout the remainder of the briefing the parties advise the Court that all issues regarding documents initially addressed are moot with the exception of five (5) document redactions from adjuster reports and six (6) e-mail redactions, all of which appear on Plaintiffs' privilege logs of redacted documents.[2] Thus, the eleven (11) documents still at issue are the following:

### A. Adjuster Report Documents

1. September 21, 2007 Report No. 1 prepared by James Ratcliff and received by Adrienne Benzoni;

2. January 7, 2008 Report No. 1, Global Master Policy prepared by James Ratcliff and received by Adrienne Benzoni;

3. March 29, 2008 Report No. 4, Global Master Policy prepared by James Ratcliff and received by Adrienne Benzoni;

4. November 24, 2009 Report No. 19, Global Master Policy prepared by James Ratcliff and received by Adrienne Benzoni;

5. January 3, 2008 e-mail from James Ratcliff to Adrienne Benzoni;

### B. Internal E-mail Communications

6. July 22, 2009 e-mail from Adrienne Benzoni to Peter Schellevis;

7. July 16, 2008 e-mail from Fisher Kanaris to Thomas McGlynn, Adrienne Benzonis, and Peter Schellevis;

8. February 25, 2008 e-mail from Adrienne Benzonis to Jim Ratcliff and Thomas McGlynn, and with additional copied recipients of Peter Schellevis, Jan Henrik Wiersema, and Alex DeKeyser;

---

[1] *See* Memo. In Supp. Of Def. UP's Second Mot. To Compel Discovery, (ECF No. 92) at pg. 10, Ex. A & B.

[2] *See* Plfs.' Response In Opp. To Def.'s Second Mot. To Compel, (ECF No. 99) at pg. 2; *see also* Reply In Supp. Of Def. UP's Second Mot. To Compel Discovery, (ECF No. 103).

9. February 22, 2008 e-mail from Peter Schellevis to Adrienne Benzonis, and with additional copied recipients of Jan Henrik Wiersema and Alex DeKeyser;

10. April 7, 2008 e-mail from Peter Schellevis to Adnan Elabed, and with additional copied recipients of Adrienne Benzonis, Alex DeKeyser, Jan Henrik Wiersema, Pierre Cambier, and Pete Chepul; and

11. October 1, 2007 e-mail from Peter Schellevis to Adrienne Benzonis, and with additional copied recipients of Ron Verhulsdonck and Jan Henrik Wiersema.

As claimed in the privilege logs and defended in Plaintiffs' response, Plaintiffs contend that all eleven documents are entitled to protection under both the attorney-client privilege and the work product doctrine.

## II. Discussion

Defendant argues that Plaintiffs fail to meet the burden associated with claiming attorney-client privilege and protection under the work product doctrine. In support of this contention, Defendant points out that in several communications there is no attorney or legal representative and that there are no indications that the communications seek or transmit legal advice.[3] Additionally, Defendant cites a document that both appeared on one of Plaintiffs' privilege logs as redacted and was produced in its entirety by Plaintiffs. ACE claimed attorney-client privilege and the work product doctrine protected the redacted information from disclosure because it discussed legal recovery activities and theories of counsel.[4] Yet, the redacted portion read:

> Regarding the recovery please find also attached the letter Solvay has sent to UP on 14 January 2008 and UP's reply on February 2008. ACE US have provided copies of this information to their recovery department. We are now awaiting the case

---

[3]Memo. In Supp. Of Def. UP's Second Mot. To Compel Discovery, (ECF No. 92) at pg. 6.

[4]*Id*. (citing ACE's Privilege Log of Redacted Documents From Supplemental Production in January 2011).

analysis from our recovery department so that we can make informed decision on how to proceed.[5]

Thus, Defendant UP contends "[t]here is nothing in this paragraph that could even arguably be characterized as privileged under either the attorney-client or work product privilege."[6] Finally, Defendant states that the work product protection is inappropriate as the reports and e-mails discussing the reports were a routine business activity rather than work done in anticipation of litigation.[7]

Plaintiffs maintain that the redactions "go to, contain and/or address legal theories, strategy, planning and/or actions directly related to Plaintiffs' recovery efforts against Defendant."[8] In an attempt to persuade the Court, Plaintiff lists each of the eleven (11) documents as they appear on the privilege logs and one by one provides a more detailed summary defending the claim of attorney-client privilege and the work product doctrine. Yet, even after review of Plaintiffs' diligent work, the Court is unable to ascertain whether the information contained in those documents is privileged or protected.

Plaintiffs offer "to provide unredacted copies of these documents to the Court for an in-camera review."[9] While Defendant believes the information already provided through briefing is

---

[5] *See id.* at pg. 7; *see also* April 3, 2008 e-mail from Peter Schellevis to Rita Van der Goten and others, Bates Labeled A003088.

[6] *Id.*

[7] *Id.* at pg. 9.

[8] Plfs.' Response In Opp. To Def.'s Second Mot. To Compel, (ECF No. 99) at pg. 2

[9] *Id.* at 8.

sufficient to find that the redactions contained in the adjuster reports need to be produced, Defendant "agrees an *in camera* inspection is in order" "[w]ith regard to the internal e-mails."[10]

Based on the information provided by the parties, the Court is unable to determine whether the eleven documents at issue are protected under either or both the attorney-client privilege and the work product doctrine. The Court therefore directs ACE to submit all eleven documents to the Court for an *in camera* review. The documents shall be provided to the Court by **May 11, 2011.**[11] The Court will review the documents and determine whether they are privileged or protected under the work product doctrine and whether Plaintiffs should be required to produce these documents in their entirety as opposed to the redacted versions already produced.

**IT IS THEREFORE ORDERED** that on or before **May 11, 2011**, Plaintiffs ACE USA and ACE European Group Limited shall submit to the Court the eleven (11) documents at issue for an *in camera* review.

**IT IS FURTHER ORDERED** that Defendant Union Pacific Railroad Company's Second Motion to Compel Discovery (ECF No. 91) is moot as to the documents that Defendant no longer seeks production of since Plaintiffs produced said documents.

**IT IS FURTHER ORDERED** that Defendant Union Pacific Railroad Company's Second

---

[10]Reply In Supp. Of Def. UP's Second Mot. To Compel Discovery, (ECF No. 103) at pg. 2, 4.

[11]Hard copies of the documents may be mailed or delivered to Magistrate Judge Waxse's chambers, or the documents may be submitted electronically in .pdf format as attachments to an e-mail addressed to *ksd_waxse_chambers@ksd.uscourts.gov*.

Motion to Compel Discovery (ECF No. 91) is taken under advisement as to the documents remaining in dispute.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 5th day of May 2011.

s/ David J. Waxse<br>U. S. Magistrate Judge

cc: All counsel and *pro se* parties