## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACE USA and ACE EUROPEAN GROUP LIMITED, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNION PACIFIC RAILROAD COMPANY, INC., )<br><br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 09-2194-KHV |

## MEMORANDUM AND ORDER

Insurance companies ACE USA and ACE European Group Limited, as subrogees of AGC Soda Corporation ("AG Soda"), bring suit against Union Pacific Railroad Company, Inc.  Plaintiffs allege that defendant is liable under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, for water damage to soda ash that Union Pacific transported from Wyoming to Texas in June and July of 2007, for the cost of removing the damaged ash from the railcars and for the cost of remediating soil contamination caused by the damaged ash.

The Carmack Amendment regulates the liability of receiving and delivering rail carriers and imposes something close to strict liability on them.  Pac. Indem. Co. v. Atlas Van Lines, Inc., 642 F.3d 702, 710 (9th Cir. 2011); Mitsui Sumitomo Ins. Co., Ltd. v. Evergreen Marine Corp., 621 F.3d 215, 217 (2d Cir. 2010); see 49 U.S.C. § 11706(a); see also Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp., 130 S. Ct. 2433, 2441 (2010).  Section 10709, however, provides a mechanism for rail carriers and purchasers of rail services to contractually avoid the Carmack Amendment.  49 U.S.C. § 10709(a)-(c); Babcock & Wilcox Co. v. Kan. City S. Ry. Co., 557 F.3d 134, 138 (3d Cir. 2009); Dow Chem. Co. v. Union Pac. Corp., 8 F. Supp.2d 940, 941-42 (S.D. Tex. 1998).  Under Section 10709, rail carriers and

purchasers of rail services may enter into private contracts for specified services under specified rates and conditions.  49 U.S.C. § 10709(a).  Such contracts exclusively govern the parties' duties in connection with services provided under the contract and are not subject to the Carmack Amendment. 49 U.S.C. § 10709(a)-(c).

On April 5, 2011, plaintiffs moved for partial summary judgment on defendant's defenses and on May 31, 2011, defendant moved for summary judgment on plaintiffs' Carmack Amendment claim. Among other things, defendant argued that plaintiffs' claim, if any, arose under contract – not the Carmack Amendment.  On August 15, 2011, the Court sustained Defendant Union Pacific Railroad Company's Motion For Summary Judgment (Doc. #127) filed May 31, 2011 and overruled Plaintiffs' Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #106) filed April 5, 2011.  The Court held that under Section 10709, a contract – not the Carmack Amendment – governed the parties' relationship.  Memorandum And Order (Doc. #164) filed August 15, 2011; Judgment In A Civil Case (Doc. #165) filed August 16, 2011.

This matter comes before the Court on Plaintiffs' Motion To Alter Or Amend Judgment And Leave To Amend Their Theory Of Recovery (Doc. #167) filed September 2, 2011, and plaintiffs' Request For Oral Argument (Doc. #170) filed September 12, 2011.[1]  For the following reasons, the Court overrules plaintiffs' motion.

## Legal Standards

Under Rule 59(e), the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could

---

[1]      Under D. Kan. Rule 7.2, the Court ordinarily will resolve motions on the parties' written briefs or memoranda.  Plaintiffs have not shown that argument is necessary or would be helpful.  The Court therefore overrules plaintiffs' motion for oral argument.

-2-

not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000); <u>see</u> <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1324 (10th Cir.1997).  Rule 59(e) does not allow a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.  <u>Brown v. Presbyterian Healthcare Servs.</u>, 101 F.3d 1324, 1332 (10th Cir.1996); <u>Resolution Trust Corp. v. Greif</u>, 906 F. Supp. 1446, 1456 (D. Kan. 1995).  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.  <u>Cline v. S. Star Cent. Gas Pipeline, Inc.</u>, 370 F. Supp.2d 1130, 1132 (D. Kan. 2005).

Under Rule 59(e), plaintiffs argue that the Court should reconsider its <u>Memorandum And Order</u> (Doc. #164) and <u>Judgment In A Civil Case</u> (Doc. #165) to correct clear error and prevent manifest injustice.

### **Factual And Procedural Background**

As noted above, plaintiffs ACE USA and ACE European Group are insurance companies that bring suit as subrugees of AG Soda.  Plaintiffs assert that AG Soda was the owner and consignee of soda ash which was damaged by flood waters while defendant transported it from Green River, Wyoming to Port Arthur, Texas under a bill of lading from Solvay Chemicals Co.  On June 25, 2007, Solvay issued Union Pacific a bill of lading numbered 80816562 ("Solvay Bill of Lading") which provided the terms and conditions for the shipment.  Doc. #128, Ex. 27.

The Solvay Bill of Lading referenced an agreement between defendant and the American National Soda Ash Corporation ("ANSAC") known as UP-C-35322.  The parties agree that UP-C-35322 governed their relationship.  The Solvay Bill of Lading also incorporated by reference "all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight

Classification in effect on the date hereof, if this is a rail or rail water shipment or (2) in the applicable

motor carrier classification or tariff if this is a motor carrier shipment, or (3) as otherwise agreed to in

writing by the shipper, railroad(s) and motor carrier(s)."  Solvay Bill of Lading, Doc. #128, Ex. 26.  The

parties dispute what terms and conditions this provision incorporates by reference.

UP-C-35322 is titled "RAIL TRANSPORTATION CONTRACT PURSUANT TO

49 U.S.C. SECTION 10709."  It contains a provision labeled "LIABILITY AND CLAIMS" that

provides as follows:

> Customer agrees not to file any claim for freight loss or damage when the amount of
> proven loss or damage is less than Two Hundred Dollars ($200.00) per railcar (Minimum
> Claim Amount).  If Customer's proven loss or damage is determined to be in excess of
> the Minimum Claim Amount, the Minimum Claim Amount shall be deducted from any
> claim against Railroad for loss or damage to Commodity.  In all other respects, claims
> shall be processed in accordance with 49 U.S.C. Section 11706 and 49 C.F.R. Part 1005.

UP-C-35322, Doc. #128, Ex. 27 at 3 (emphasis added).

In ruling on the parties' motions for summary judgment, the Court defined the threshold question

as whether the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, or the Solvay

Bill of Lading, UP-C-35322 and the terms and conditions incorporated therein, provide the basis for

defendant's liability.  Based on the plain language of UP-C-35322, the Court found that the Solvay Bill

of Lading and UP-C-35322 constituted a Section 10709 contract.  Memorandum And Order (Doc. #164).

The Court therefore held that the shipping contract governed the parties' relationship – not the Carmack

Amendment.  Id. at 4-11.  As a result, the Court did not reach the other questions raised in the parties'

briefs, and found them moot.  Id. at 11.  The Court reasoned that plaintiffs' only claim was for violation

of the Carmack Amendment; because the Carmack Amendment did not apply, defendant was entitled

to summary judgment.  Id. at 10-11.

**Analysis**

Under Rule 59(e), plaintiffs ask the Court to amend its memorandum and order and its judgment to (1) rule on issues raised in the parties' summary judgment briefs which the Court did not resolve in its order; (2) reconsider its interpretation of the Bill of Lading and UP-C-35322; and (3) give plaintiffs leave to amend their theory of recovery to include a breach of contract claim.

**I.     Rule 15(b)(2) Implied Amendment Of Pleadings And Pretrial Order**

Plaintiffs argue that the Court erred by not reaching "threshold issues regarding the viability of a Bill of Lading contract." Plaintiffs never asserted a breach of contract claim, however, and in fact repeatedly repudiated the contract claim that they now argue the Court should have considered. Plaintiffs' motion asserts that under Rule 15(b)(2), Fed. R. Civ. P., the Court should have treated the pleadings and pretrial order as though they were impliedly amended to include a breach of contract claim. Plaintiffs' motion for reconsideration makes this argument for the first time. Their summary judgment briefing argued that the Carmack claim, which they pled, and the contract claim, which they did not plead, were essentially the same claim; they maintained, however, that "[i]t is Plaintiffs' position that this is not a breach of contract case." Plaintiffs' Reply Brief In Support Of Their Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #147) filed June 21, 2011 at 69. Rule 59(e) does not allow plaintiffs to refine old arguments, or make new arguments they could have made earlier.

In any event, plaintiffs' arguments are not well taken. Under Rule 15(b)(2), plaintiffs ask the Court to act as though they had properly pleaded a breach of contract claim. That rule provides as follows:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the

result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

The plain language of the Rule suggests that because "this case is not at trial, Rule 15(b) does not apply." Zhu v. Countrywide Realty Co., Inc., Nos. 00-2290-KHV, 01-2067-KHV, 2001 WL 950231 (D. Kan. July 23, 2001) at *2 n.2.  A circuit split exists, however, with respect to whether Rule 15(b) applies at the pretrial stage of litigation, and the Tenth Circuit has not squarely addressed the issue.  See Ahmad v. Furlong, 435 F.3d 1196, 1203 & n.1 (10th Cir. 2006) (citing Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275, 1279-80 (10th Cir. 1998)).  Both the Tenth Circuit and this Court have sent mixed messages on the issue – sometimes applying Rule 15(b) to pretrial motions, but at other times restricting application of the Rule to trial and post-trial proceedings.  Compare Faustin v. City and Cnty. of Denver, Colo., 423 F.3d 1192, 1196 (10th Cir. 2005) (reviewing grant of summary judgment, finding plaintiff impliedly amended complaint under Rule 15(b)), Smith v. Denver Pub. Sch. Bd., 41 F.3d 1516 (Table), 1994 WL 651978 (10th Cir. 1994) (under Rule 15(b), issue not raised in pleadings was properly before court based on evidence at summary judgment), and McCormick v. City of Lawrence, No. 02-2135-JWL, 2008 WL 1793143 (D. Kan. April 18, 2008) (applying Rule 15(b) to amend pretrial order in ruling on motion for summary judgment) with Gold v. Local 7, United Food Workers Union, 159 F.3d 1307, 1309-10 (10th Cir.1998) (Rule 15(b) totally inappropriate vehicle for a motion to amend prior to trial), abrogated on other grounds by Styskal v. Weld Cnty., 365 F.3d 855, 857-58 (10th Cir. 2004), and Zhu, 2001 WL 950231 at *2 n.2.  In light of this uncertainty, the Court assumes that Rule 15(b)(2) applies at summary judgment.

Rule 15(b) is intended to promote deciding cases on the merits.  Green Country Food Mkt., Inc. v. Bottling Grp., LLC, 371 F.3d 1275, 1280 (10th Cir. 2004).  The Tenth Circuit has interpreted the rule

-6-

to contain two mechanisms for amending a complaint or pretrial order to conform to the evidence. Id. at 1280-81; Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 457 (10th Cir. 1982).  First, a complaint may be impliedly amended if an issue has been tried with the express or implied consent of the parties. Fed. R. Civ. P. 15(b)(2) (first sentence); Green Country Food Mkt., 371 F.3d at 1280-81; Hardin, 691 F.2d at 457.  This mechanism is not available, however, if the opposing party objects. Green Country Food Mkt., 371 F.3d at 1280.  Instead, upon objection by the opposing party, the party wishing to amend the pleadings must resort to the second mechanism of Rule 15(b) – an explicit motion to amend. Id. at 1280-81; Fed. R. Civ. P. 15(b)(2) (second sentence).  The Court will grant such motion unless the objecting party satisfies the Court that it will be prejudiced by the amendment.  Green Country Food Mkt., 371 F.3d at 1280-81.  Where the opposing party objects to the amendment and the party wishing to amend the pleadings does not file a motion to amend, lack of prejudice to the objecting party is not sufficient to permit amendment.  Id.

Here, plaintiffs argue that their complaint was impliedly amended to include a breach of contract claim under the first mechanism, i.e. the breach of contract claim was tried with the implied consent of the parties.  See Plaintiffs' Memorandum In Support Of Their Motion To Alter Or Amend Judgment And Request For Leave To Amend Plaintiffs' Theory Of Recovery (Doc. #168) filed September 2, 2011 at 4.  A party impliedly consents to the trial of an issue either by introducing evidence on the new issue or by failing to object when the opposing party introduces such evidence.  Green Country Food Mkt., 371 F.3d at 1280 (citing Koch v. Koch Indus., Inc., 203 F.3d 1202, 1217 (10th Cir. 2000)).  Implied consent cannot, however, be based on the introduction of evidence that is relevant to an issue already in the case if the party presenting the evidence does not indicate that it intended to raise a new issue. Id. (citing Moncrief v. Williston Basin Interstate Pipeline Co., 174 F.3d 1150, 1162 (10th Cir. 1999)).

Plaintiffs argue that their summary judgment briefs presented a breach of contract claim and that defendant argued breach of contract issues without objection. Plaintiffs' Memorandum In Support Of Their Motion To Alter Or Amend Judgment And Request For Leave To Amend Plaintiffs' Theory Of Recovery (Doc. #168) at 4. Defendant counters that (1) plaintiffs never affirmatively argued that its claim sounded in contract; (2) throughout the litigation plaintiffs have insisted that their claim arose under the Carmack Amendment, not as a breach of contract; and (3) defendant objected to any further amendment of the pleadings after the First Amended Complaint (Doc. #16) which plaintiffs filed November 12, 2009.

Plaintiffs correctly note that a breach of contract claim has been lurking throughout this litigation. Plaintiffs' motion for summary judgment acknowledged that defendant's answer to the amended complaint asserted two affirmative defenses that were grounded in its contention that plaintiffs' claim arose, if at all, under the shipping contract – not the Carmack Amendment. Plaintiffs' Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #106) at 1 & n.1. Yet plaintiffs chose not to amend their complaint to include a breach of contract claim.

As early as October 18, 2010, defendant began expressly questioning "[w]hether this case is governed by the Carmack Amendment, or by a contract pursuant to 49 U.S.C. § 10709." Defendant Union Pacific Railroad Company's Reply In Support Of Its Motion To Modify Scheduling Order (Doc. #57). Still, plaintiffs made the strategic decision to stick with their single Carmack Amendment claim. They repeatedly and forcefully repudiated any breach of contract claim, arguing that "Union Pacific's attempt to remove this case from Carmack fails as a matter of law."[2]

---

[2]     First Amended Complaint (Doc. #16) filed November 12, 2009 at 1 (alleging one claim – for damages under Carmack Amendment); Plaintiffs' Memorandum Of Law In Support Of
(continued...)

In the pretrial order, defendants asserted that plaintiffs had no claim under the Carmack Amendment and that such a claim "fails as a matter of law because their cause of action arises, if at all, under a contract authorized by 49 U.S.C. § 10709."  Doc. #131 at 13; see id. at 1-2, 18.  One of the "Legal Issues" listed in the Pretrial Order, in fact, was "[w]hether Plaintiffs' action arises under the Carmack Amendment or under a contract authorized by 49 U.S.C. § 10709."  Id. at 18.  Throughout the litigation, however, plaintiffs have insisted that their claim did not arise under a contract, but instead arose under only the Carmack Amendment.  Plaintiffs slightly changed their tune in response to defendant's motion for summary judgment in which they argued that the Carmack Amendment would apply even under a breach of contract claim, so the distinction made no difference.  Plaintiffs' Response In Opposition To Defendant's Motion For Summary Judgment (Doc. #149) filed June 28, 2011 at 86 & n.7.  In the same brief, plaintiffs noted in a footnote that the Court could give them leave to amend the pleadings or pretrial order if necessary to preserve such a claim.  Id.

Plaintiffs clearly made a strategic litigation decision to bring only a Carmack Amendment claim, and Rule 15(b)(2) does not permit them to renege on that decision now that the Court has granted defendant summary judgment on that claim.  See Saurini v. Adams Cnty. Sch. Dist. No. 12, 191 Fed. Appx. 628, 636-37 (10th Cir. 2006) (plaintiffs not permitted to wait until last minute to ascertain and refine theories on which they intend to build case) (quoting Green Country Food Mkt.,

---

[2](...continued)
Their Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #107) filed April 5, 2011 at 20 (defendant's contract defense fails as a matter of law); Pretrial Order (Doc. #107) at 12 (alleging one claim – for damages under Carmack Amendment); Plaintiffs' Reply Brief In Support Of Their Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #147) at 68 (defendant's "attempt to remove this case from Carmack fails as a matter of law"); id. at 69 ("It is Plaintiffs' position that this is not a breach of contract case."); Plaintiffs' Response In Opposition To Defendant's Motion For Summary Judgment (Doc. #149) filed June 28, 2011 at 84 (defendant's "attempt to remove this case from Carmack fails as a matter of law").

371 F.3d at 1280); Norton v. City of Marietta, Okla., 432 F.3d 1145, 1151-52 (10th Cir. 2005) (responsibility for ensuring claims are properly presented lies with litigant, not court).

Defendant repeatedly argued that plaintiffs' only claim, if any, arose under the Solvay Bill of Lading and the agreements incorporated therein, and it sought summary judgment on that basis.[3] Because plaintiffs repeatedly denied bringing a breach of contract claim, their argument that the pleadings or pretrial order were impliedly amended to include such a claim is without merit. If plaintiffs decided to change their strategy, they should have filed a proper motion to amend the pleadings or pretrial order. In two similar footnotes in their summary judgment briefs, plaintiffs stated that "[e]ven if the Court were to determine that the alternative theory of recovery needs to be alleged – that is breach of contract, a party may amend its pleading with the court's leave, and such leave should be freely given when justice so requires." Plaintiffs' Response In Opposition To Defendant's Motion For Summary Judgment (Doc. #149) at 86 n.7; Plaintiffs' Reply Brief In Support Of Their Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #147) at 70 n.9. But this is hardly a proper motion for leave to amend. See D. Kan. Rule 15.1. That defendant raised contract-based defenses does not give plaintiffs a windfall opportunity to overhaul their litigation strategy under Rule 15(b)(2) after the Court

---

[3] Answer And Affirmative Defenses Of Union Pacific Railroad Company (Doc. #8) filed June 15, 2009 at 5 (contract limits plaintiffs' recovery); Union Pacific Railroad Company's Answer To Plaintiffs' First Amended Complaint (Doc. #17) filed November 20, 2009 at 18 ("UP admits the existence of 49 USC 11706, the Carmack Amendment but denies that it is applicable to the claims presented by Plaintiff."); Pretrial Order (Doc. #131) at 2 ("UP disputes that Carmack applies and submits . . . that Plaintiffs' action arises, if at all, under a written contract pursuant to 49 U.S.C. § 10709."); id. at 8, 13 (same); Memorandum Of Union Pacific Railroad Company In Support Of Motion For Summary Judgment Or Alternatively For Partial Summary Judgment (Doc. #128) filed May 31, 2011 at 52 ("The premise that Carmack governs is incorrect."); id. at 52-54 (plaintiffs' pled only Carmack claim; their cause of action, if any, arises under contract; therefore "plaintiffs pled no viable claim, [and] summary dismissal is in order" – "Plaintiffs suit under Carmack must be dismissed.").

-10-

entered judgment for defendant.  See id.; Blume v. Meneley, 283 F. Supp.2d 1178, 1180 (D. Kan. 2003) (court will not penalize defendants for attention to detail in setting forth all possible defenses, as court rules require).

In many ways, this case is like Elephant Butte Irrigation Dist. of N.M. v. U.S. Dept. of Interior, 538 F.3d 1299, 1301-04 (10th Cir. 2008).  In that case, the plaintiffs brought claims under a federal statute that authorized the Secretary of the Interior to contract with water districts for purposes of terminating their leases of power privilege.  Id. at 1302.  Plaintiffs brought a statutory claim and made statutory arguments in summary judgment briefs.  Id.  They did not, however, claim that the Department of Interior breached the underlying contracts that the statute authorized.  Id. at 1302-03.  Plaintiffs mentioned the contract in summary judgment briefs, but did not include a breach of contract claim in the pretrial order.  Id.  On appeal, plaintiffs raised a breach of contract theory for the first time, and the Tenth Circuit rejected it.

The court explained that the plaintiffs did not present a breach of contract theory in the district court, but affirmatively asserted that the contracts were not relevant because their claim arose under a statutory right independent of any contract.  Id. at 1303.  The Tenth Circuit stated that the plaintiffs "were obliged to spell out any breach of contract claim with specificity and clarity in the pretrial order" and found that plaintiffs' references to the contracts in question "were not sufficient to put [defendant] or the court on notice that [they] intended to assert [a breach of contract] theory."  Id. at 1302-03.  The court concluded that a "district court does not abuse its discretion in refusing to consider a theory raised for the first time at an advanced stage of litigation" and that the district court did not abuse its discretion by not allowing plaintiffs to belatedly bootstrap their new breach of contract argument onto a broader theory of statutory interpretation.  Id. at 1303-04.

The Court is not persuaded by plaintiffs' attempt to distinguish <u>Elephant Butte</u>.  <u>See Plaintiffs'</u> <u>Reply In Support Of Their Motion To Alter Or Amend Judgment And Request For Leave To Amend</u> <u>Plaintiffs' Theory Of Recovery</u> (Doc. #175) at 3 n.3.  The Court therefore will not allow plaintiffs to bootstrap onto their Carmack Amendment claim a breach of contract claim that they have repeatedly rejected throughout the litigation.  It therefore finds that the <u>Pretrial Order</u> was not impliedly amended under Rule 15(b) to include the breach of contract claim.

## II.    Reconsideration Of Interpretation Of Bill Of Lading And UP-C-35322

Plaintiffs ask the Court to reconsider its interpretation of the Bill of Lading and UP-C-35322, but they simply rehash old arguments the Court has already rejected.  They argue that the Court misinterpreted the "Liability and Claims" section of UP-C-35322, which states as follows:

> Customer agrees not to file any claim for freight loss or damage when the amount of proven loss or damage is less than Two Hundred Dollars ($200.00) per railcar (Minimum Claim Amount).  If Customer's proven loss or damage is determined to be in excess of the Minimum Claim Amount, the Minimum Claim Amount shall be deducted from any claim against Railroad for loss or damage to Commodity.  <u>In all other respects, claims shall be processed in accordance with 49 U.S.C. Section 11706 and 49 C.F.R. Part 1005</u>.

UP-C-35322, Doc. #128, Ex. 27 at 3 (emphasis added).  In dressing up old arguments, plaintiffs strain the ordinary English usage of the word "processed" in the last sentence of the section.  They insist that it incorporates into the contract the substantive standards of liability under the Carmack Amendment. The Court previously rejected this and plaintiffs' other arguments.  The Court therefore declines to re-interpret the "Liability and Claims" section of UP-C-35322, which in the Court's view, refers exclusively to the claims processing rules under the Carmack Amendment and not the standard of liability that it imposes.  <u>Memorandum And Order</u> (Doc. #164) at 9-11.

## III.   Motion For Leave To Amend

In light of the Court's ruling on summary judgment, plaintiffs ask the Court for leave to amend

their complaint to include a claim for breach of contract.  Plaintiffs cannot file an amended complaint, however, unless the Court vacates the judgment.  <u>The Tool Box, Inc. v. Ogden City Corp.</u>, 419 F.3d 1084, 1087 (10th Cir. 2005).  Even though Rule 15(a), Fed. R. Civ. P., states that leave to amend will be freely given, this presumption is reversed when plaintiffs seek to amend the pleadings or pretrial order after the Court has entered judgment.  <u>Id.</u> at 1087-88.  Courts have refused to allow a postjudgment amendment when the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave.  <u>Id.</u> at 1088 (citing <u>Vielma v. Eureka Co.</u>, 218 F.3d 458, 468 (5th Cir. 2000); <u>Landon v. N. Nat. Gas Co.</u>, 338 F.2d 17, 20 (10th Cir. 1964)).

Plaintiffs argue that they asked for leave to amend their complaint in their summary judgment briefs.  Indeed, in two footnotes, plaintiffs made a general comment that "a party may amend its pleading with the court's leave, and such leave should be freely given."  <u>Plaintiffs' Response In Opposition To Defendant's Motion For Summary Judgment</u> (Doc. #149) at 86 n.7; <u>Plaintiffs' Reply Brief In Support Of Their Motion For Partial Summary Judgment On Defendant's Defenses</u> (Doc. #147) at 70 n.9.  Clearly, this comment was not a valid motion to amend.  <u>See</u> D. Kan. Rule 15.1 (motion to amend must state amendment or leave sought; attach proposed pleading; and comply with other requirements of D. Kan. Rules 7.1 through 7.6).  Because plaintiffs never properly requested leave to amend their complaint and because the Court declines to alter or amend its judgment, the Court overrules plaintiffs' postjudgment request for leave to amend their complaint.

Like the plaintiffs in <u>Elephant Butte</u> discussed above, which tried to bootstrap unasserted contract claims onto statutory claims, plaintiffs here try a similar strategy of blurring the line between their Carmack Amendment claim and a breach of contract claim.  They argue that labeling their claim a violation of the Carmack Amendment or a breach of contract makes no difference because the

-13-

"Liability and Claims" provision in UP-C-35322 incorporates the liability provisions of the Carmack Amendment. The Court has already rejected this argument. See Memorandum And Order (Doc. #164) at 8-11. Moreover, a breach of contract claim would be quite different than a Carmack Amendment claim. Because Section 10709 allows parties to contract out of the Carmack Amendment's liability provisions, such contracts could materially alter the parties' exposure to liability set by the Carmack Amendment. By insisting that this case turns on the Carmack Amendment, plaintiffs seek to strip defendant of the benefit of its bargain under the Solvay Bill of Lading and UP-C-35322. Permitting them to do so would be anathema to the statutory framework that expressly permits parties to avoid the liability provisions of the Carmack Amendment by private contract.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Alter Or Amend Judgment And Leave To Amend Their Theory Of Recovery (Doc. #167) filed September 2, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiffs' Request For Oral Argument (Doc. #170) filed September 12, 2011 be and hereby is **OVERRULED**.

Dated this 7th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-14-