# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACE USA and ACE EUROPEAN GROUP LIMITED, ) ) ) **Plaintiffs,** ) ) v. ) ) UNION PACIFIC RAILROAD COMPANY, INC., ) ) ) **Defendant.** ) _____ ) | CIVIL ACTION No. 09-2194-KHV |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Bill Of Costs (Doc. #177) filed January 26, 2012, Plaintiffs' Objection To Defendant's Bill Of Costs (Doc. #178) filed January 7, 2012 and Defendant Union Pacific Railroad Company's Motion For Leave To File Out Of Time Memorandum In Support Of Union Pacific's Bill Of Costs (Doc. #179) filed February 9, 2012. For the following reasons, the Court overrules defendant's motion, sustains plaintiffs' objections and finds that defendant may not recover costs.

The facts of this case are well documented in the parties' briefs and the Court's two previous orders. See Memorandum And Order (Doc. #176) filed December 7, 2011 (overruling plaintiffs' motion to alter or amend judgment); Memorandum And Order (Doc. #164) filed August 15, 2011 (sustaining defendant's motion for summary judgment and overruling plaintiffs' motion for summary judgment). The Court will not repeat them here. In short, two insurance companies, ACE USA and ACE European Group Limited (as subrogees of AGC Soda Corporation) sued Union Pacific Railroad Company, Inc. under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, for water damage to soda ash that Union Pacific transported from Wyoming to Texas in June and July of 2007.

Both plaintiffs and defendant are sophisticated parties and have litigated this case to the hilt. On the parties' cross motions for summary judgment, their briefs alone covered more than 500 pages. On August 15, 2011, the Court sustained Defendant Union Pacific Railroad Company's Motion For Summary Judgment (Doc. #127) filed May 31, 2011 and overruled Plaintiffs' Motion For Partial Summary Judgment On Defendant's Defenses (Doc. #106) filed April 5, 2011. On December 12, 2011, the Court overruled Plaintiffs' Motion To Alter Or Amend Judgment And Leave To Amend Their Theory Of Recovery (Doc. #167) filed September 2, 2011.

On January 26, 2012, defendant filed a bill of costs under 28 U.S.C. § 1920. Bill Of Costs (Doc. #177). This set off a flurry of additional briefing because, as defendant admits, the bill of costs does not comply with D. Kan. Rule 54.1, which governs taxation and payment of costs. See Defendant Union Pacific Railroad Company's Motion For Leave To File Out Of Time Memorandum In Support Of Union Pacific's Bill Of Costs (Doc. #179) filed February 9, 2012. Section 1920 provides that upon the filing of a bill of costs, a judge or clerk of any federal court may tax as costs certain fees and compensation of certain experts and interpreters. 28 U.S.C. § 1920. Rule 54 of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party," and Local Rule 54.1 provides the procedure for the taxation and payment of costs. Local Rule 54.1 provides in part that (1) a "party entitled to recover costs must file a bill of costs on a form provided by the clerk" within 30 days after the expiration of time allowed for appeal of a final judgment or decree or receipt by the clerk of an order terminating the action on appeal; (2) the "party seeking costs must file a memorandum in support of its costs with the bill of costs," which must include a statement that the party has made a reasonable effort, in a conference with opposing counsel, to resolve disputes regarding costs; and (3) that "[t]he failure of a prevailing party to timely file a bill of costs constitutes

a waiver of the taxable costs." D. Kan. Rule 54.1(a)(1)-(3); see also D. Kan. Rule 7.1 (brief or memorandum must accompany all motions, except in certain circumstances inapplicable here).

Defendant filed the bill of costs within the allotted time and on the proper form, but did not file the memorandum with the bill of costs or make reasonable effort to resolve the disputes regarding costs with plaintiffs. Defendant clearly did not comply with Local Rule 54.1, which requires it to "file a memorandum in support of its costs with the bill of costs." D. Kan. Rule 54.1(a)(2) (emphasis added).

On February 7, 2012, plaintiffs filed objections to defendant's bill of costs. Plaintiffs' Objection To Defendant's Bill Of Costs (Doc. #178). They argue that the Court should reject defendant's bill of costs entirely because it does not comply with Section 1920 or D. Kan. Rule 54.1. In addition to defendant's failure to file a memorandum in support of its claim for costs or to confer with plaintiffs' counsel before filing the bill of costs, plaintiffs note that defendant's bill of costs does not show that the claimed costs are properly taxable under Section 1920.

On February 9, 2012, three days after the deadline to file its bill of costs, defendant filed a motion for leave to file out of time a memorandum in support of its bill of costs based on excusable neglect. Doc. #179. Defendant argues that its failure to comply with the requirements of Local Rule 54.1 was due to an "oversight . . . owing to a mistake by its counsel who, during the preparation of the Bill of Costs, inadvertently relied upon a rule book containing the former version of Rule 54.1, which required no separate Memorandum, rather than the most recent version of Rule 54.1, which does." Doc. #179 ¶ 11. The current version of Rule 54.1 took effect on March 17, 2011.

Local Rule 6.1 governs motions for an extension of time to perform an act required or allowed to be done within a specified time. Under this rule, a party must file a motion for extension of time before the specified time expires, and "[a]bsent a showing of excusable neglect, the court will not grant

extensions requested after the specified time expires." D. Kan. Rule 6.1(a). Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). Inadvertence, ignorance of the rules or mistakes construing the rules, however, do not usually constitute excusable neglect. Id.

The determination of whether neglect is excusable is at bottom an equitable one that requires taking account of all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether movant acted in good faith. Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004). Of these factors, fault in the delay is "a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." Biodiversity Conservation Alliance v. Bureau of Land Mgmt., 438 Fed. Appx. 669, 673 (10th Cir. 2011); United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004); City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994). Courts also consider whether the moving party's underlying claim is meritorious, whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay) and whether the attorney attempted to correct his action promptly after discovering the mistake. Jennings v. Rivers, 394 F.3d 850, 856-57 (10th Cir. 2005) (citing Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988); Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444-45 (10th Cir. 1983)). Moreover, the court recognizes that a "mistake . . . could occur in any [attorney's] office, no matter how well run." Id.

Defendant argues that its reliance on an outdated version of the local rules constitutes excusable

neglect. The Court disagrees. Allowing defendant to file the memorandum in support of its bill of costs out of time would only slightly prejudice plaintiffs by forcing them to respond to the memorandum after already filing objections to defendant's incomplete bill of costs. And the length of delay would be slight because defendant filed its memorandum only three days after the deadline. These factors, defendant's counsel's attempt to promptly correct the mistake and the absence of any evidence that defendant acted in bad faith weigh in favor of allowing defendant to file its memorandum out of time.

Although the late filing would have no impact on judicial proceedings because the case is closed, the untimely filing undermines important concerns for finality of litigation embodied by the time requirements for the filing of bills of costs. See Dodson Int'l Parts, Inc. v. Altendorf, No. 00-4134-SAC, 2005 WL 1799247, at *1 (D. Kan. June 29, 2005) (citing Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 891 (10th Cir. 1964)). Moreover, the reason for the delay weighs heavily against defendant. Defendant's only reason for failing to timely file a memorandum in support of its bill of costs as required by Rule 54.1(a)(2) is counsel's mistake in relying on an outdated version of the Court's local rules. Applying the Pioneer factors, the Court has found that "some occasions justify a finding of excusable neglect even when [the] delay is caused by ignorance of the rules." White v. O'Dell Indus., Inc., No. 99-2315-JWL, 2000 WL 127267, at *2 (D. Kan. Jan. 14, 2000) (citing Pioneer Inv. Servs., 507 U.S. at 392). The Tenth Circuit, however, has emphasized that even after Pioneer, "fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." Biodiversity Conservation Alliance, 438 Fed. Appx. at 673; Torres, 372 F.3d at 1163; Williams Natural Gas Co., 31 F.3d at 1046.

It is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect. See Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005).

The Court has refused to find excusable neglect when the mistake was caused by a failure to read the rules or a lawyer's error in interpreting the rules. Patel v. Reddy, No. 10-2403-JTM, 2010 WL 4115398, at *2 (D. Kan. Oct. 19, 2010) (citing City of Shawnee, Kan. v. Argonaut Ins. Co., No. 06-2389-GLR, 2008 WL 2699906, at *4 (D. Kan. July 2, 2008) (misinterpretation of rules); Thomas v. Bd. of Educ., Unified Sch. Dist. # 501, 177 F.R.D. 488, 490-91 (D. Kan. 1997) (failure to read rules)).  In Berecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003, a similar case in which the Court found that defense counsel's reliance on an outdated version of the local rules did not constitute excusable neglect, the Court noted as follows:

> It is counsel's responsibility to keep current on the Court's local rules.  The most current local rules are provided, free of charge, on the Court's website . . . .  This is the quintessential example of an attorney who is simply ignorant of the rules applicable to him, a circumstance that does not constitute excusable neglect.  Counsel's reliance on an outdated . . . publication, rather than the Court's published local rules, does not change the excusable neglect analysis.

No. 09-2516, 2011 WL 1060955, at *2 (D. Kan. March 21, 2011).

Defendant relies on Cohen-Esrey Real Estate Services, Inc. v. Twin City Fire Ins. Co., No. 08-2527-KHV, 2011 WL 3608671 (D. Kan. Aug. 12, 2011).  In that case, the Court found that defendant's failure to comply with the new rules governing bills of costs constituted excusable neglect. Id. at *6-7 & n.13.  In that case, however, the amendment to Local Rule 54.1 had taken effect only five days before the defendant filed its bill of costs and Lexis Nexis (the online research service which defense counsel used) did not reflect the rule change. Id. at *7.  At the time defendant filed its bill of costs in this case, the amendment to Rule 54.1 had been in effect for nearly 11 months, which is more than enough time for counsel to take notice of the rule and comply with the new requirements.

Because "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule," the Court finds that defense counsel's

failure to comply with the requirements of Local Rule 54.1 does not constitute excusable neglect. Torres, 372 F.3d at 1162 (examining "excusable neglect" standard in Fed. R. App. P. 4); Allen v. Magic Media, Inc., No. 09-4139-SAC, 2011 WL 903959, at *1 (D. Kan. March 15, 2011); Berecek & Young Advisors, 2011 WL 1060955, at *3.  The Court therefore overrules Defendant Union Pacific Railroad Company's Motion For Leave To File Out Of Time Memorandum In Support Of Union Pacific's Bill Of Costs (Doc. #179).

Defendant did not comply with Local Rule 54.1 in filing its bill of costs and the Court overrules its motion for an extension of time to do so.  For this reason, and substantially the reasons stated in Plaintiffs' Objection To Defendant's Bill Of Costs (Doc. #178), defendant is not entitled to recover costs under 28 U.S.C. § 1920.  See Strope v. Gibbens, No. Civ.A. 01-3358-KHV, 2004 WL 2519238, at *4 (D. Kan. Nov. 8, 2004) (overruling plaintiff's motion for costs for not following local rule); Betts v. Atwood Equity Coop. Exch., Inc., No. 88-4292-R, 1990 WL 252144, at *3 (D. Kan. Dec. 24, 1990) (denying plaintiff's motion for costs, damages, fees, expenses and interest, which the court construed as a bill of costs, for not complying with local rule); Kovach v. State Farm Gen. Ins. Co., Civ. A. No. 88-2099-S, 1989 WL 94574, at *2 (D. Kan. July 28, 1989) (denying plaintiff's request for costs in motion for attorney's fees because it did not comply with local rule); see also Bill Of Costs Handbook, http://www.ksd.circ10.dcn/bill-of-costs-handbook, at 4 (Jan. 2011) (any requested costs that do not have supporting information, which includes the memorandum, will be disallowed).

**IT IS THEREFORE ORDERED** that Defendant Union Pacific Railroad Company's Motion For Leave To File Out Of Time Memorandum In Support Of Union Pacific's Bill Of Costs (Doc. #179) filed February 9, 2012, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection To Defendant's Bill Of Costs

(Doc. #178) filed January 7, 2012, be and hereby is **SUSTAINED**.  Defendant has not complied with Local Rule 54.1 regarding the taxation and payment of costs and therefore is not entitled to recover costs.

Dated this 26th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
